NOTE CHANGES MADE BY THE COURT.

NOTE CHANGES MADE BY THE COURT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMELAND HOUSEWARES, LLC, | Case No. CV 11-1935 JFW (AGRx) |
| Plaintiff, | Assigned to Hon. John F. Walter Courtroom 16 |
| v. | |
| E. MISHAN & SONS, INC. d/b/a EMSON; EDDIE MISHAN; STEVEN MISHAN; and DOES 1-10 inclusive, | ~~[PROPOSED]~~ **PROTECTIVE ORDER GOVERNING USE AND DISSEMINATION OF CONFIDENTIAL INFORMATION** |
| Defendants. | **[DISCOVERY MATTER]** |
| E. MISHAN & SONS, INC. d/b/a EMSON; EDDIE MISHAN; and STEVEN MISHAN, | |
| Counterclaimants, | |
| v. | |
| HOMELAND HOUSEWARES, LLC, | |
| Counter-Defendant. | |

///

///

RC1/6239887.1/JJH6

1

CV 11-1935 JFW (AGRx)

1   Pursuant to the Stipulation Governing Use and Dissemination of Confidential

2   Information filed by plaintiff and counter-defendant Homeland Housewares, LLC

3   ("Plaintiff") and defendants and counterclaimants E. Mishan & Sons, Inc., Edward

4   Mishan and Steven Mishan (collectively, "Defendants"), the Court hereby enters

5   this Protective Order to protect confidential information and material that may be

6   produced or otherwise disclosed by the parties or third parties, *upon their request,* during the course of

7   discovery in this action.

8   **IT IS HEREBY ORDERED THAT:**

9   The following Protective Order shall govern the handling of confidential,

10  proprietary, and trade secret information produced in discovery and/or filed with

11  the Court in this action.

12  **I.   GOOD CAUSE STATEMENT**

13  1.   Consistent with Federal Rule of Civil Procedure 26(c), good cause

14  exists for this Court to enter a Protective Order due to the highly sensitive and

15  proprietary nature of the information to be exchanged through discovery and trial of

16  this action.  The information expected to be sought and produced will likely include

17  "trade secrets," as that term is defined in California Civil Code § 3426.1(d).  "Trade

18  secrets" may include, but are not limited, to customer lists, pricing analysis and

19  information, market surveys and competitive research, corporate financial

20  information and analysis, business strategies, and information related to product

21  development, research and releases.  In addition to the parties' trade secrets,

22  additional information commonly sought and produced in discovery, including draft

23  patent applications, invention disclosures, other patent related information, draft

24  marketing materials, financial information, and personal identifier information,

25  should also be kept confidential due to the sensitive nature of such information.

26  2.   The parties agree that the disclosure to the public of such highly

27  sensitive information may cause competitive injury and damages to the parties'

28  and/or would unnecessarily invade the privacy of a party or other person.

1   Therefore, the parties have stipulated to the entry of this Protective Order on the
2   terms set forth below.

## II.   INTRODUCTION

4       3.      This Protective Order shall govern any document, information or other
5   thing, which is designated as containing "CONFIDENTIAL" or "HIGHLY
6   CONFIDENTIAL" information, as defined herein[1] and is furnished by any party or
7   non-party *(upon its request to be bound)* in connection with the above-captioned action ("ACTION").  Documents
8   and other information produced in this ACTION and designated
9   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used only for
10  purposes of this ACTION.  The forms of information which may be subject to this
11  Protective Order include, but are not limited to, documents and things, responses to
12  requests to produce documents or other things, responses to interrogatories,
13  responses to requests for admissions, documents subpoenaed in connection with
14  depositions, deposition testimony and exhibits, deposition transcripts, and all
15  copies, extracts, summaries, compilations, designations and portions thereof
16  (hereinafter referred to collectively as "DISCOVERY MATERIALS").

17      4.      All DISCOVERY MATERIALS produced in discovery in this case
18  and designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used
19  solely for the purpose of pre-trial proceedings (including, but not limited to,
20  motions and briefing), settlement, trial preparation and trial, and any appeals in the
21  ACTION.  DISCOVERY MATERIALS shall not be used for any business or non-
22  litigation related purpose whatsoever.

## III.   DEFINITIONS

24      5.      The following definitions apply in this Protective Order:
25          (A)    The designation "CONFIDENTIAL" may be applied by
26      any party or third party for any DISCOVERY MATERIALS pursuant

27      ―――――――――――――――――――――――――――――
        [1] For the purpose of this order, "HIGHLY CONFIDENTIAL" and
28  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" have the same meaning and
    effect and can be used interchangeably.

AGR

1    to this ACTION that contain information or material including, but not

2    limited to: (a) past or current financial information of a party; (b)

3    information pertaining to a third party which the party has an express

4    or implied obligation to keep confidential; (c) marketing and

5    promotional materials and information; (d) personnel information; and

6    (e) all communications pertaining to the above named information

7    including both manual and electronic correspondence.

8         (B)    Designation of DISCOVERY MATERIALS made by a

9    party to this ACTION shall be a certification to the Court and to the

10   other parties that such information is believed to be Confidential

11   within the meaning of this Protective Order.  Information designated as

12   "CONFIDENTIAL" in accordance with this provision shall be treated

13   as Confidential Information pursuant to the terms hereof until it ceases

14   to be covered by this Protective Order.

15        (C)    The designation "HIGHLY CONFIDENTIAL" or

16   "CONFIDENTIAL – ATTORNEYS' EYES ONLY," may be applied

17   by a party to highly sensitive forms of information, including, but not

18   limited to: (a) trade secrets as defined in Cal. Civ. Code §

19   3426.1(d)(which provides that the term "trade secret" "means

20   information, including a formula, pattern, compilation, program,

21   device, method, technique, or process, that: (1) Derives independent

22   economic value, actual or potential, from not being generally known to

23   the public or to other persons who can obtain economic value from its

24   disclosure or use; and (2) Is the subject of efforts that are reasonable

25   under the circumstances to maintain its secrecy"), including those

26   categories of documents outlined in the parties' Statement of Good

27   Cause above; (b) draft patent applications, invention disclosures, and

28   other information relating to the filing and preparation of patent

1    applications; and/or (c) extremely sensitive "CONFIDENTIAL"

2    information or items whose disclosure to another party or non-party

3    would create a substantial risk of serious injury that could not be

4    avoided by less restrictive means.  This designation shall be made as

5    sparingly as possible and shall be a certification to the Court and the

6    other parties that such information is believed to be subject to this

7    more restrictive classification within the meaning of this Protective

8    Order.

9         (D)    "CONFIDENTIAL INFORMATION" refers to all

10   information which is subject to the designations "CONFIDENTIAL"

11   or "HIGHLY CONFIDENTIAL" as described above.

12        (E)    "PARTY" means every party to this ACTION and every

13   director, officer, employee, and managing agent of every party to this

14   ACTION.

15        (F)    "ORDER" means this Protective Order.

16        (G)    The scope of this Protective Order shall be understood

17   and interpreted to encompass not only those items or things which

18   consist of or include CONFIDENTIAL INFORMATION, but also any

19   information derived therefrom, and all copies, excerpts, and summaries

20   thereof, as well as testimony and oral conversation derived therefrom

21   or related thereto.

22        (H)    "PRODUCING PARTY" means a PARTY or non-party

23   that produces Disclosure or DISCOVERY MATERIAL in this action.

24        (I)    "RECEIVING PARTY" means a PARTY that receives

25   Disclosure or DISCOVERY MATERIAL from a PRODUCING

26   PARTY.

27   / / /

28   / / /

PROTECTIVE ORDER RE CONFIDENTIALITY

1        (J)    "DESIGNATING PARTY" means a PARTY or non-

2    party that designates DISCOVERY MATERIALS or other information

3    as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL".

4    **IV.    TERMS OF THE PROTECTIVE ORDER**

5        **A.    Designation**

6        6.    The designation of CONFIDENTIAL INFORMATION shall be made

7    in the following manner:

8        (A)    For documents, by placing a legend on each page of such

9    document;

10        (B)    For tangible objects, by placing a label or tag on the

11    object or the container therefor, or, if not practicable, as otherwise

12    agreed;

13        (C)    For written responses to interrogatories or requests for

14    admissions, in writing, in the relevant responses or on the face of any

15    such responses;

16        (D)    For declarations or pleadings, in writing in the declaration

17    or pleading or on the face of any such declaration or pleading;

18        (E)    For depositions, during the deposition or in writing within

19    fifteen (15) days after receipt by the DESIGNATING PARTY of the

20    transcript of the deposition; and

21        **B.    Designation of Information Produced by Third Parties**

22        7.    Any PARTY may designate documents or things produced by a third

23    party pursuant to a subpoena or otherwise as "CONFIDENTIAL" or "HIGHLY

24    CONFIDENTIAL" by providing written notice to each other PARTY within fifteen

25    (15) days of receipt of the documents or things produced by the third party.  Such

26    written notice shall specifically identify each page of each document or thing

27    produced by the third party that should be treated as "CONFIDENTIAL" or

28    "HIGHLY CONFIDENTIAL" in accordance with this ORDER.

## C.   Inadvertent Production

8.     Each PARTY retains the right to subsequently re-designate documents and to require such documents to be treated in accord with such designations from that time forward.  An inadvertent or unintentional failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" will not be construed as a waiver, in whole or in part, of (i) any PARTY's claims of confidentiality either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior or subsequent to that date, or (ii) any PARTY's right to designate said material as CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to this Protective Order.  In the event of an inadvertent or unintentional failure to designate qualified information or items, the PRODUCING PARTY shall promptly notify the RECEIVING PARTY that the information is CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The DESIGNATING PARTY further shall provide the RECEIVING PARTY with substitute copies of the affected documents, marked with the appropriate confidentiality designation, at the expense of the DESIGNATING PARTY.

9.     Upon receiving notice of the confidentiality designation of previously-produced materials, the RECEIVING PARTY shall take reasonable steps to retrieve and destroy all undesignated copies of the materials, and shall treat the newly designated materials according to their confidentiality designation under this ORDER.  Prior to a change in designation by the PRODUCING PARTY, however, the RECEIVING PARTY shall not be precluded from use of the information according to its then-existing designation or as undesignated if it had no previous designation.  No PARTY shall be deemed to be in violation of this ORDER with respect to the disclosure of any DISCOVERY MATERIAL to any other persons prior to the designation of that material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this ORDER.

/ / /

1        10.    Inadvertent or unintentional production of privileged or work product

2    information will not be construed as an intentional waiver, in whole or in part, of

3    the privilege or the work product status of the information inadvertently or

4    unintentionally disclosed.   In the event of an inadvertent or unintentional

5    production of privileged or work product information, the PRODUCING PARTY

6    shall promptly notify the RECEIVING PARTY that the information is privileged or

7    is work product.  The PRODUCING PARTY further shall provide the

8    RECEIVING PARTY with substitute copies of the affected documents in which the

9    privileged or work product information has been redacted.

10       11.    Upon receiving notice of the PRODUCING PARTY's claim of

11    privilege or work product status of previously-produced information, the

12    RECEIVING PARTY shall take reasonable steps to retrieve and destroy all un-

13    redacted copies of the materials.

14       12.    Nothing in this  ORDER shall affect the right of a party to challenge a

15    confidentiality designation or a claim of privilege or work product through motion

16    practice.  However, no party shall be obligated to challenge the propriety of a

17    confidentiality designation or a claim of privilege or work product and the failure to

18    do so shall not constitute acquiescence as to the appropriateness of the designation

19    or claim of privilege or work product or otherwise preclude a subsequent challenge

20    to the designation or claim of privilege or work product.

21       **D.**    **Access to CONFIDENTIAL INFORMATION**

22       13.    Access to information marked "CONFIDENTIAL" shall be limited to,

23    and only to, the following persons:

24           (A)    Outside attorneys of record to any PARTY in connection

25       with this ACTION, and, if the attorney of record is a member of a law

26       firm, the employees and staff of the law firm (collectively "OUTSIDE

27       COUNSEL"), provided that before any such person is permitted access

28       to any "CONFIDENTIAL" information, such person shall be informed

1   of the existence and contents of this ORDER;

2       (B)   Organizations retained by OUTSIDE COUNSEL to

3   provide litigation support services in this ACTION, including but not

4   limited to translators, third party photocopy or imaging services

5   contractors, third-party contractors producing graphic or visual aids

6   involved solely in providing litigation support services to OUTSIDE

7   COUNSEL, and jury consultants, provided that before any such person

8   is permitted access to any of the CONFIDENTIAL information, such

9   person or a supervising individual in his or her organization shall have

10  the signed the "Non-Disclosure Agreement" (Exhibit A);

11      (C)   Independent outside experts and consultants retained in

12  this ACTION by OUTSIDE COUNSEL or a PARTY, provided that

13  any such actual or contemplated expert or consultant is not an

14  employee of the parties hereto, and subject to the conditions and

15  requirements set forth in this ORDER;

16      (D)   The officers, directors, and employees (including In-

17  House Counsel) of the RECEIVING PARTY to whom disclosure is

18  reasonably necessary for this litigation and who have signed the "Non-

19  Disclosure Agreement" (Exhibit A), subject to the conditions and

20  requirements set forth herein;

21      (E)   The Court, its personnel and any court reporters and

22  videographers involved in taking, recording, or transcribing testimony

23  in this ACTION;

24      (F)   Such other persons as hereafter may be designated by

25  written agreement of the PARTIES in this ACTION or by order of the

26  Court;

27      (G)   Any mediator who is engaged to assist the PARTIES in

28  settlement negotiations on a confidential basis;

RCI/6239887.1/JH6

9

CV 11-1935 JFW (AGRx)

1       (H)   During their depositions, witnesses in the action to whom

2    disclosure is reasonably necessary and who have signed the "Non-

3    Disclosure Agreement" (Exhibit A);

4       (I)   The author of the document or the original source of the

5    information, or persons to whom the document or copies thereof were

6    addressed or delivered; and

7       (J)   Outside attorneys for Defendants at the law firm of

8    Notaro, Michalos & Zaccaria, P.C., and the employees and staff of

9    such law firm, provided that before any such person is permitted

10    access to any CONFIDENTIAL information, the attorneys for

11    Defendants at the law firm of Notaro, Michalos & Zaccaria, P.C. shall

12    have signed the "Non-Disclosure Agreement" (Exhibit A).

13    **E.**    **Access to HIGHLY CONFIDENTIAL INFORMATION**

14    14.   Access to information marked "HIGHLY CONFIDENTIAL" shall be

15    limited to the persons identified in Paragraphs 13 (A), (B), (C), (E), (F), (G), and (I)

16    above.

17    **F.**    **Disclosure of CONFIDENTIAL INFORMATION**

18               **to Outside Experts and Consultants**

19    15.   CONFIDENTIAL INFORMATION may be shown to outside experts

20    or consultants, together with their clerical personnel, who are retained by a PARTY

21    in connection with this ACTION.  The written agreement of the expert or

22    consultant to be bound by the Non-Disclosure Agreement shall be considered to

23    apply to his or her clerical personnel, and those personnel need not separately

24    execute the Non-Disclosure Agreement.

25    16.   The PARTIES agree that expert discovery relating to draft reports,

26    disclosures, or communications shall be governed by Federal Rule of Civil

27    Procedure 26(b)(4).

28    / / /

17.     The foregoing notwithstanding, any such expert or consultant who is a competitor of any of the PARTIES in connection with the distribution or sale of personal size household blenders shall not be shown or otherwise given access to documents or information designated as "HIGHLY CONFIDENTIAL."

### G.     Request for Additional Disclosure

18.     If any counsel of record desires to communicate to any person apart from those permitted under Paragraphs 13 to 17 any information designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL," that counsel of record shall first obtain the written consent of the DESIGNATING PARTY through such PARTY's counsel of record or obtain leave of Court to do so. Each person to whom the CONFIDENTIAL INFORMATION is to be given, shown, made available or communicated pursuant to this paragraph must execute a written confidentiality agreement, in the form attached hereto as Exhibit A.  Only after all of the foregoing conditions have been fully satisfied may the CONFIDENTIAL INFORMATION be communicated to any person other than those permitted under Paragraphs 13 to 17.

### H.     Manner of Designating Documents

19.     A PARTY shall designate documents containing Confidential Information by placing a legend in plain view on each page of any document that party wishes to protect against disclosure or use.  This legend shall state "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate.  All documents and things shall be marked prior to the provision of a physical copy thereof to the other PARTY.

### I.     Manner of Designating Depositions

20.     In the case of a deposition, counsel for such PARTY may, at the commencement of such deposition, temporarily designate the entire deposition as "CONFIDENTIAL," provided, however, that where such an initial designation has been made, the designating party, within fifteen (15) days after receipt of the

1  transcript, shall mark as provided in this ORDER those pages of the transcript as
2  such PARTY shall then deem confidential, (the confidential designation of all
3  remaining pages being rescinded after such period), and shall notify the other
4  PARTY in writing which pages are deemed CONFIDENTIAL INFORMATION.
5  In the event that such notice is not sent within said fifteen (15) days of the receipt of
6  the transcript, no portion of the deposition shall thereafter be confidential unless the
7  designating party thereafter notifies the other PARTY that the failure to timely
8  designate occurred by oversight.  Notwithstanding the foregoing, any documents
9  used as exhibits at a deposition or attached as exhibits to a deposition transcript that
10  have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or
11  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with this
12  ORDER shall retain their designated status.

13       **J.**    **Filing Documents With The Court**

14       21.    All information designated as CONFIDENTIAL INFORMATION
15  which is filed or lodged with the court, or any pleading or memorandum purporting
16  to reproduce or paraphrase such information shall be accompanied by an
17  application to file the information, pleading or memorandum or the portion thereof
18  constituting or containing the CONFIDENTIAL INFORMATION material under
19  seal in accordance with Local Rule 79-5.1 and directed to the Judge or to whom the
20  papers are directed.

21       **K.**    **No Effect On PARTY'S Own Use**

22       22.    Nothing contained in this ORDER shall affect the right of a PARTY to
23  disclose or to use any of its own CONFIDENTIAL INFORMATION as it desires.

24       **L.**    **No Effect On Disclosure to Author or Addressees**

25       23.    Nothing contained in this ORDER shall affect the right of a PARTY to
26  disclose any CONFIDENTIAL INFORMATION to the author or addressees of any
27  document containing such information.

28  / / /

**M.     No Applicability to Public Information**

24.     The restrictions on dissemination of CONFIDENTIAL
INFORMATION shall not apply to (i) any person in possession or with knowledge
of such information prior to disclosure hereunder who, absent this ORDER, is
under no restriction regarding its dissemination, but only with respect to the
CONFIDENTIAL INFORMATION already in his or her possession or knowledge,
or (ii) information which is public knowledge or which after disclosure, becomes
public knowledge other than through an act or omission of a PARTY receiving the
CONFIDENTIAL INFORMATION.

**N.     Legal Effect of Designations**

25.     The designation by a PARTY of any document, material or
information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or
"CONFIDENTIAL – ATTORNEYS' EYES ONLY" is intended solely to facilitate
discovery in this ACTION.  This ORDER shall not prejudice the right of any
PARTY to bring before the Court a motion in compliance with Local Rules 37-1
and 37-2 or other applicable rules seeking a declaration that information produced
by another PARTY has been wrongfully designated as CONFIDENTIAL
INFORMATION and should not be subject to the terms of this ORDER.  In any
challenge to a designation, the designating PARTY bears the burden of proof to
establish the necessity of the designation, except that the PARTY bringing such
motion shall have the burden of proving that the information designated as
CONFIDENTIAL INFORMATION ~~has been publically disclosed or~~ was in
possession of the RECEIVING PARTY prior to its disclosure through discovery in
this ACTION.

**O.     Unauthorized Disclosure of CONFIDENTIAL INFORMATION**

26.     If a RECEIVING PARTY learns that, by inadvertence or otherwise, it
has disclosed CONFIDENTIAL INFORMATION to any person or in any
circumstance not authorized under this ORDER, the RECEIVING PARTY must

RC1/6239887.1/JH6                        13                        CV 11-1935 JFW (AGRx)

1  immediately (a) notify in writing the DESIGNATING PARTY of the unauthorized
2  disclosures, (b) use its best efforts to retrieve all copies of the CONFIDENTIAL
3  INFORMATION, (c) inform the person or persons to whom unauthorized
4  disclosures were made of all the terms of this ORDER, and (d) request such person
5  or persons to execute the "Non-Disclosure Agreement" (Exhibit A).
6       **P.**   <u>**Final Disposition of Action**</u>
7      27.   Within sixty (60) days after the final disposition of this ACTION,
8  including appeals, any PARTY may serve written notice on the other PARTIES
9  demanding that counsel of record for each PARTY:  (a) promptly return to counsel
10  of record for the DESIGNATING PARTY all CONFIDENTIAL INFORMATION
11  and all copies made thereof which are not in the custody of the Court; or (b)
12  promptly destroy or see to the destruction of all writings related thereto, and certify
13  to the designating party that such destruction has been done.  As an exception to the
14  above, counsel of record and other counsel referenced in paragraph 13(J) may retain
15  a single file copy of any pleading, any document filed with the Court, written
16  discovery response, transcript of any deposition or trial testimony, together with all
17  exhibits thereto.  Counsel for the PARTIES may also retain copies of their work
18  product that incorporates, describes, or refers to CONFIDENTIAL
19  INFORMATION.  The copy of these retained documents shall be treated as
20  "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and counsel of record shall
21  immediately notify opposing counsel of record of any attempt by third parties to
22  inspect and/or copy said documents.
23       **Q.**   <u>**Survival of Terms**</u>
24      28.   Absent written modification hereof by the PARTIES hereto or further
25  order of the Court, the provisions of this ORDER that restrict the disclosure and use
26  of CONFIDENTIAL INFORMATION shall survive the final disposition of this
27  ACTION and continue to be binding on all persons subject to the terms of this
28  ORDER.

**R.   Violation of Order**

29.   In the event anyone shall violate or threaten to violate any term of this ORDER, the PARTIES agree that the aggrieved PARTY may immediately apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this ORDER and, in the event the aggrieved party shall do so, the respondent person subject to the provisions of this ORDER shall not employ as a defense thereto the claim that the aggrieved PARTY possesses an adequate remedy of law.  The PARTIES and any other person subject to the terms of this ORDER agree that this Court has jurisdiction over such person or party for the purpose of enforcing this ORDER.  In the event that any CONFIDENTIAL INFORMATION is disclosed by a RECEIVING PARTY in violation of this ORDER, the CONFIDENTIAL INFORMATION shall not lose its status through such disclosure, and the PARTIES shall take all steps reasonably required to assure its continued confidentiality.

**S.   Subpoena in Another Action**

30.   Nothing in this ORDER shall be construed as authorizing a party to disobey a lawful subpoena issued in another action. Any PARTY, having received CONFIDENTIAL and/or HIGHLY CONFIDENTIAL Information, that receives a subpoena or other compulsory process seeking the production of all or some of those materials, shall promptly, and before producing such materials, notify in writing:

(A)   the requesting party, court or administrative agency of this ORDER; and

(B)   Counsel for the DESIGNATING PARTY of the receipt of such compulsory process and provide counsel for the DESIGNATING PARTY with copies of that process.

///
///

**T.**     **Right to Assert Other Objections**

31.     By stipulating to the entry of this ORDER no PARTY waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this ORDER.  Similarly, no PARTY waives any right to object on any ground to use in evidence of any of the material covered by this ORDER.  Nothing herein affects, in any way, the admissibility of any document, testimony, or other evidence at trial or restricts the use of information obtained from investigations, interviews or other sources other than via the discovery process, motion practice or voluntary disclosure of information by any PARTY conducted under the terms of this ORDER.

32.     The Court will determine, in its sole discretion, how documents designated as CONFIDENTIAL and/or HIGHLY CONFIDENTIAL will be treated during the trial of this action.  The PARTIES agree to request, prior to trial, that the Court make an appropriate order to maintain the confidentiality of CONFIDENTIAL INFORMATION to the extent practicable.

**U.**     **Modification of Order**

33.     Nothing herein shall preclude any PARTY upon proper notice to all other PARTIES from applying to the Court for any modification of this ORDER, for relief from the restrictions contained in this ORDER, or for further or additional protective orders.

Good cause having been found, **IT IS SO ORDERED**.

Dated: December 13, 2011          Alicia G. Rosenberg

United States ~~District~~ Judge
Magistrate

# EXHIBIT A

## NON-DISCLOSURE AGREEMENT

I, _____, declare under penalty of perjury that:

1.    My address is _____.

2.    My present employer is _____.

3.    My present occupation or job description is _____

_____.

I HEREBY CERTIFY AND AGREE that I have read and understand the terms of the Protective Order ("ORDER") entered in the case of *Homeland Housewares, LLC v. E. Mishan & Sons, Inc., et al.*, United States District Court, Central District of California, Civil Action No. CV11-1935 JFW (AGRx), that I will not disclose any CONFIDENTIAL INFORMATION received under the protection of the ORDER to anyone not permitted to receive CONFIDENTIAL INFORMATION under the terms of the ORDER, and agree to be bound by the terms and conditions of the ORDER.

I understand that I am to retain all copies of any of the materials that I receive which have been so designated as CONFIDENTIAL INFORMATION in a container, cabinet, drawer, room or other safe place, and that all copies are to remain in my custody until I have completed my assigned or legal duties, whereupon the copies are to be returned or destroyed as specified in the ORDER.  I acknowledge that such return or destruction of such materials shall not relieve me from any of the continuing obligations imposed upon me by the ORDER.

Dated: _____        _____
                                                    SIGNATURE


                                          _____
                                                    PRINT NAME